**B. R. MACHAC et al., Appellants,**

v.

**George J. HAJEK, Appellee.**

**No. 346.**

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 17, 1968.

Rehearing Denied Jan. 9, 1969.

W. T. Miller, Gonzales, for appellants.

John T. Nicholson, of Pollan & Nicholson, Rosenberg, for appellee.

## OPINION

SHARPE, Justice.

This suit was brought by appellants, B. R. Machac, et al, against George J. Hajek, appellee, in trespass to try title, and alternatively for partition of an undivided two-fifths interest in 180 acres of land located in Gonzales County, Texas. After jury trial, judgment was rendered that appellants take nothing by their suit.

There are twelve appellants who are the real parties in interest. In some instances they are joined by their spouses. Eleven of appellants are children of F. A. Machac and wife Justina Machac, who died respectively in 1956 and 1937, and the twelfth appellant is the surviving husband of their deceased daughter. Frank Machac and wife Marie Machac, who died respectively in 1915 and 1937, were the parents of F. A. Machac, his brother and three sisters, and are the common source of title.

Appellants' theory of recovery was as follows: That on July 28, 1911, Frank Machac and wife Marie Machac conveyed two tracts of land aggregating 231½ acres of land in Gonzales County, Texas, to their son F. A. Machac, reserving in the deed a vendor's lien to secure the payment of a series of purchase money notes, the last of which was due on December 1, 1923; that on December 13, 1925, F. A. Machac and wife Justina Machac, conveyed 51½ acres out of said tract to B. R. Machac, leaving the 180 acres of land here involved; that on September 23, 1938, F. A. Machac, et ux, along with his brother, Jan Machac and his sister, Mrs. Paulina Branecky, and her husband John Branecky, conveyed to

their sisters, Mrs. Anna S. Hajek and Mrs. Mary Grill, a three-fifths undivided interest to said 180 acres; that F. A. Machac and Justina Machac both died intestate; and that their twelve children became the owners of a two-fifths undivided interest in said land. Appellants alleged that George J. Hajek, appellee, was the owner of a three-fifths undivided interest in said land.

Appellee asserted several defenses to appellants' said cause of action. The principal one is that in 1938 after the death of Marie Machac, her five children, including F. A. Machac, the debtor, voluntarily rescinded the transaction whereby F. A. Machac acquired said property and agreed to return title to the land one-fifth to each of said children; that three of said children, F. A. Machac, his brother Jan and sister Paulina then conveyed their three-fifths undivided interest to the other two children, their sisters Anna S. Hajek and Mary Grill; that the last-named two grantees then owned the complete title to the property; that in 1960 appellee acquired complete title through conveyances out of said two grantees; that said 1938 rescission of the transaction was fully executed and had been relied on by appellee, his mother, Anna S. Hajek, and aunt, Mary Grill, for more than thirty years; that appellee and his predecessors in title had made valuable improvements in reliance on the full title to said 180 acres in themselves.

Appellants' contentions in reply to appellee's asserted defense of rescission are in substance (1) that under the provisions of Art. 5520, Vernon's Ann.Civ.St., from and after December 1, 1927, there has been a conclusive presumption that the purchase price debt recited in the 1911 deed to F. A. Machac was paid; that after such date, no written extension agreement having been executed, the parties could not either judicially or extrajudicially have rescinded the 1911 deed; and (2) that there was no evidence either as to nonpayment of the purchase price debt or of any agreement to re-

turn the land in consideration of the release and acquittance of such purchase price debt. These contentions were preserved by appellants' motion for judgment non obstante veredicto in the trial court and by some of appellants' points of error in this Court.

The special issues and jury findings thereon are as follows:

"Special Issue No. 1

"Do you find from a preponderance of the evidence that, after the death of Marie Machac, in 1937, and prior to the 1938 deed in question, F. A. Machac and wife, Justina Machac mutually agreed with Jan Machac, Mary Grill, Anna S. Hajek and Paulina Branecky to return the title and ownership of the land in question one-fifth to each of the children of Marie Machac, in consideration of the release and acquittance of the purchase price notes and debt for said land?

Answer: They did so agree.

"Special Issue No. 2

"Do you find from a preponderance of all the evidence, inside and outside the 1938 deed in question, that all the parties to said deed intended that it should place the full interest in the land in question in the two grantees, Mary Grill and Anna Hajek?

Answer: They intend that it should place the full interest in the two grantees."

Appellants assert five points of error. However, they did not timely file a motion for new trial, such motion being filed 29 days after entry of judgment and overruled on the 30th day thereafter. Appellants filed motion for judgment non obstante veredicto prior to entry of the judgment and gave notice of same to counsel for appellee. For some reason not fully apparent from the record, appellants' motion for judgment non obstante veredicto did not come to the attention of the trial

judge prior to entry of judgment, but counsel for appellants specifically requested him to rule on it on the 30th day thereafter. The trial judge refused to consider said motion. In this, he was mistaken. He could have ruled on appellants' motion for judgment non obstante veredicto at any time before the judgment became final. See Walker v. S & T Truck Lines, Inc., 409 S.W.2d 942 (Tex.Civ.App., Corpus Christi, 1968, writ refused) and the authorities therein cited. The effect of the trial court's action on said motion was to refuse it. There is no question of jurisdiction here since appellants have timely filed notice of appeal, appeal bond and the record in this court based upon the date of entry of judgment. In the absence of a timely filed motion for new trial, we can consider only those contentions asserted by appellants which relate to the action of the trial court in refusing their motion for judgment non obstante veredicto, as hereinabove mentioned. See Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960).

█ We will first consider appellants' contention that there could be no voluntary rescission herein, because under Art. 5520, V.A.C.S., the purchase price debt was barred by limitation in 1938 at the time of the alleged rescission. The applicable rules are as follows: That as between the parties, where rights of third parties have not intervened, the conclusive presumption of payment provided by the statute (Art. 5520, V.A.C.S.) is but a fiction; that if the debt is in fact unpaid there is a moral obligation which lasts until the end of time; that the nature of an unpaid debt for the purchase price of land is not changed by the statute of limitations; that although the debt is unenforceable against the debtor's wishes or as a remedy, the debtor may, if he chooses, acknowledge the same and waive the statutory bar to its enforcement; that the provisions of the statute of limitations are primarily for the protection of third parties whose rights may have intervened; that the statute should not be construed so as to prevent the debt-or from paying or satisfying his just debts, if he chooses to do so, either by way of renewal and extension or by voluntary rescission. See Bellamy v. Oklahoma Farm Mortgage Co., 278 S.W. 180 (Tex.Com. App., 1925, Judgment approved); Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329 (1938); Yates v. Darby, 133 Tex. 593, 131 S.W.2d 95 (1939); Benn v. Security Realty & Development Co., 54 S.W.2d 146 (Tex.Civ. App., Beaumont, 1932, writ refused); Farr v. Moreland, 197 S.W.2d 386 (Tex.Civ. App., Texarkana, 1946, n. w. h.). It is also well settled that the statute of limitations is not applicable to matters set up strictly by way of defense. If the subject matter of the defense be of an intrinsically defensive nature, which, if given effect, will operate merely as a negation of the plaintiff's right to recover, the statute of limitations does not apply. Morriss-Buick Co. v. Davis, 127 Tex. 41, 91 S.W.2d 313 (1936); Murphy v. Sills, 268 S.W.2d 296 (Tex.Civ.App., Beaumont, 1953, writ dism.); Texas Practice, Vol. 5, Sec. 793, page 233.

█ In this case appellee was not seeking a recovery on the unpaid notes executed by F. A. Machac, nor did he herein seek a rescission based upon the superior title because of nonpayment of said notes. Instead, appellee defended against appellants' trespass to title and partition suit because of a completed rescission in 1938, some 27 years prior to institution of the present suit. Under these conditions, Art. 5520, V.A.C.S., did not operate as a bar to appellee's said defense.

█ We now pass to consideration of appellants' remaining contention that there was no evidence either as to nonpayment of the purchase price debt or of any agreement to return the land in consideration of the release and acquittance of such debt. The evidence in the case supporting appellee's defensive plea of rescission and claims and ownership by him and his predecessors in title in reliance thereon

was in substance as follows: That F. A. Machac couldn't pay his parents for the land they had conveyed to him. After the death of Marie Machac in 1937, the five children had a meeting about the matter. F. A. Machac said he would let the land go back as he couldn't make the payment. Mrs. Anna S. Hajek and Mrs. Mary Grill agreed to buy out the interest of the other three children, including that of F. A. Machac, the 1938 deed was entered into to accomplish this, and they went into immediate possession, using the land to grow crops and pasture cattle, and making improvements to the house, fences, clearing brush, and constructing a dam. Over a period of about eighteen years until his death in 1956, F. A. Machac never came back to the property except for a visit, and never made any claim to the land. One of the appellants asked appellee's brother (who owned an interest in the land for a short time) to sell the place to her, and another appellant wrote a letter in which she disclaimed any interest in the land because her parents had sold all their interest. One of the appellants verified that when she asked Mrs. Mary Grill, her aunt, about the transaction, the latter told her that the land had been turned back one-fifth to each of the children, and she and appellee's mother, Mrs. Anna S. Hajek, bought the interests of F. A. Machac, Mrs. Paulina Branecky and Jan Machac.

There was some evidence of probative force to raise the issue of voluntary rescission in 1938 between F. A. Machac, the debtor, and his four brothers and sisters who were the children and heirs of Frank Machac and Marie Machac. These five children then stood in the shoes of their parents and could have agreed to a renewal and extension of the debt and liens by F. A. Machac, which they had inherited from their parents. They also could have agreed to a rescission and there is evidence to raise the issue and support a jury finding that they did so.

The judgment of the trial court is affirmed.