CITY OF AUSTIN, Appellant,

v.

Duc Tu JOHNSON et al., Appellees.

No. 7720.

Court of Civil Appeals of Texas, Beaumont.

June 5, 1975.

Rehearing Denied July 10, 1975.

Richard E. Tulk, Austin, for appellant.

Joe Colbert et al., Austin, for appellees.

DIES, Chief Justice.

Plaintiff below—appellee—the widow of Elbert Byron Johnson, brought suit for death benefits under the Workmen's Compensation Act. It was her theory that on September 9, 1971, her husband, an employee of the City of Austin, learned that his job would be terminated after October 1, 1971. That the emotional stress and worry caused by this news caused or contributed to cause a fatal heart attack on September 20, 1971. Trial was to a jury which found an injury in the course of his employment as alleged, and judgment was given for plaintiff from which the City of Austin perfects this appeal.

One of the City's points contends there is no evidence that Johnson's alleged injury had to do with and originated in the work, business, trade, or profession of City. We sustain this point.

Vernon's Tex.Rev.Civ.Stat.Ann. art. 8309, section 1(4) provides that the term "injury sustained in the course of employment" shall "include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

This definition embraces two elements: (1) the injury must be of such kind and character as had to do with and originated in the employer's work and (2) have been suffered while the employee was engaged in or about the furtherance of the affairs of the employer. *McKim v. Commercial Stan-* *dard Ins. Co.,* 179 S.W.2d 357, 358 (Tex.Civ. App.—Dallas 1944, writ ref'd); *Texas Indemnity Ins. Co. v. Clark,* 125 Tex. 96, 81 S.W.2d 67 (Tex.Com.App.1935, opinion adopted); *Smith v. Texas Employers' Ins. Ass'n,* 129 Tex. 573, 105 S.W.2d 192 (Tex. Com.App.1937, jdgmt adopted).

In *Kimbrough v. Indemnity Ins.Co.,* 168 S.W.2d 708, 709 (Tex.Civ.App.—Galveston 1943, writ ref'd), we find:

"The injury must be brought about by a risk which is incidental to and arises out of the task the workman has to do in fulfilling his contract for service, and to which the employee would not be subjected but for the employment contract for service."

See also *Safety Casualty Co. v. Wright,* 138 Tex. 492, 160 S.W.2d 238, 242 (1942):

"In this connection, it may be said that a risk is incidental to employment when it belongs to or is connected with what a workman has to do in performing his contract of service."

To hold that worry and anxiety over job loss is "connected with what a workman has to do in performing his contract of service" would in our opinion not be reasonable.

This situation has apparently not before come up in Texas jurisprudence. It has, however, been considered in at least three other jurisdictions. In all three, it was decided not to be a compensable injury. *Seals v. City of Baton Rouge,* 94 So.2d 478 (La.Ct. App. 1 Cir. 1957); *Chapman v. Aetna Casualty & Surety Co.,* 221 Tenn. 376, 426 S.W.2d 760 (1968); *In Re Korsun's Case,* 354 Mass. 124, 235 N.E.2d 814 (1968).

We reverse the judgment of the trial court and hold that appellee take nothing of and from the City of Austin, appellant.

Reversed and rendered.