Edward K. HAYSE, Jr., Appellant,

v.

SEABOARD FIRE AND MARINE INSURANCE COMPANY, Appellee.

No. 17931.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 9, 1978.

Rehearing Denied March 9, 1978.

Thorne, Thorne & Robertson and Michael A. Robertson, Grand Prairie, for appellant.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk and Albon O. Head, Jr., Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

Edward K. Hayse, Jr., plaintiff, appealed the take-nothing judgment rendered by the trial court against him and in favor of Seaboard Fire and Marine Insurance Company, defendant. This is a workmen's compensation case which was tried without a jury.

We affirm the judgment of the trial court.

Hayse appealed, urging fourteen points of error which he grouped under three headings, (hereinafter referred to as the points), namely, that the trial court erred in finding:

1. No injury in the course of employment;
2. No incapacity or loss of earning capacity;
3. No medical expenses incurred for reasonable medical treatment.

Hayse alleged that he had suffered an accidental injury in the course of his employment. The record reflects that Hayse had been employed by American Airlines, Inc. at the Fort Worth-Dallas Regional Airport as a fleet service clerk and had been employed by American Airlines since May 1966. He was chief steward of Local 513 of the AFL-CIO Transportation Workers Union. Hayse testified that he arrived for work at 5:00 a.m., on September 11, 1975. The line control desk notified him to meet Steward Tom Coker at Gate 16. He went to Gate 16 with Jerry Hicks, second vice president of the Local, to investigate a potential grievance matter (an informal procedure provided in the union contract with American to avoid formal grievances). His supervisor was not present when he received the notice and left his work area. He notified someone he thought was a lead man that he was leaving the work area.

Hayse further testified that as he returned to Gate 1 he was stopped by M. F. MacNamara, a group supervisor. After some discussion, MacNamara instructed that he be given written notice that he was being held out of service pending an investigation of his activities. His understanding was that this meant he was being suspended or separated from the payroll for a period of time pending investigation. After an hour or so, a meeting between management and union representatives resulted in Hayse's reinstatement, and he went back to work.

Hayse further testified that throughout the suspension and investigation, he believed he was losing his job and was very upset because it was the sole source of support for his family. A few minutes after the hearing he was on his way to Airfreight in a van to confer with someone at the request of the President of the Local, when he felt a sharp pain, like a fist, in his chest. He felt cool and clammy and perspired heavily, his breath was short and he felt that he was going to pass out. A co-worker called his doctor but could not get an appointment. He stayed at work. When Hayse went home he called Dr. Michael Simmons, who advised him to lie down and rest and call back if there was a recurrence. After a recurrence the next day, he went to Dr. Simmons who found his pulse and E.K.G. to be normal. He returned to work that day.

During the next twelve days, Hayse said he had 10 to 15 recurrences, resulting in his going to the emergency room twice to see Dr. Simmons. He did not miss any work and his heart and E.K.G. were always normal when checked. On September 23, 1975, he was hospitalized for tests. Dr. Simmons, in his testimony, diagnosed Hayse's case as paroxysmal auricular tachycardia (P.A.T.) caused by the acute tension of the suspension incident. He also testified that the later episodes related to the first such attack, Seaboard also offered deposition testimony of Dr. Simmons in which he stated that, although it was his own opinion that the P.A.T. was incident-related, he could not say there was a direct cause-effect relationship.

Dr. Simmons described the condition as a rapid uncontrolled heart rate, which produces physical changes in the body, requiring medical treatment to prevent heart

damage. He also testified that, in his opinion, Hayse was recovered from such episodes but, when excited, might need to take Valium, a mild (or medium) tranquilizer.

Except for two weeks' stay in the hospital for testing, Hayse continued to work at his regular job, performing most necessary tasks, although going more slowly, pacing himself and trying to avoid stress situations. He stated it was November 1976 before he was able to return to the type of work he is now doing.

In point of error No. one Hayse attacks the trial court's finding that he did not incur an injury in the course of employment because the evidence establishes as a matter of law that he suffered an injury as defined under the Workmen's Compensation Act.

Hayse argues that *Baird v. Texas Employers' Insurance Association*, 495 S.W.2d 207 (Tex.1973) which holds that a heart attack caused by strain or over-exertion is an accidental injury to the physical structure of the body under the Workmen's Compensation Act also applies to his case of P.A.T. allegedly caused by fear of losing his job. He also argues that *Olson v. Hartford Accident and Indemnity Company*, 477 S.W.2d 859 (Tex.1972) and *Henderson v. Travelers Ins. Co.*, 544 S.W.2d 649 (Tex. 1976) support his position.

We disagree with this contention insofar as it is attempted to be applied in this case. As set forth in *City of Austin v. Johnson*, 525 S.W.2d 220, 221 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.): "To hold that worry and anxiety over job loss is 'connected with what a workman has to do in performing his contract of service' would be in our opinion not be reasonable." This could be just as well said in this case. Plaintiff has not shown that the alleged injury was of a kind and character that had to do with and originated in the employer's work, trade, business or profession, as required by Tex.Rev.Civ.Stat.Ann. art. 8309 § 1(4)(4) (1967). *Texas General Indemnity Company v. Bottom*, 365 S.W.2d 350 (Tex. 1963).

We overrule Hayse's point of error No. one for the reason that there is no evidence that Hayse's condition had to do with the work, business, trade or profession of American Airlines. Indeed Dr. Simmons's testimony was to the effect that the P.A.T. was related to Hayse's mental and emotional state over an incident and not job-related. This testimony as well as Dr. Simmons's testimony that he could not say there was a definite cause and effect relationship between the P.A.T. and the incident adequately supports the trial court's decision.

We overrule Hayse's remaining points of error because such points are necessarily predicated in our sustaining point of error No. one.

Affirmed.