The JACKSBORO NATIONAL
BANK, Appellant,

v.

CITY NATIONAL BANK IN WICHITA
FALLS, Appellee.

No. 18110.

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 27, 1979.

Rehearing Denied Jan. 24, 1980.

Jennings, Montgomery, Dies & Turner, and Frank L. Jennings, Graham, for appellant.

Fillmore, Lambert, Farabee, Purtle & Lee, and Glynn R. Purtle, Wichita Falls, for appellee.

## OPINION

SPURLOCK, Justice.

The Jacksboro National Bank appeals from an order of the trial court granting the City National Bank in Wichita Falls' motion for new trial unless the Jacksboro Bank files what the trial court characterized as a remittitur. The question on appeal is whether the action of the trial court is in fact a remittitur or whether the trial court, in ordering remittance of part of the judgment, improperly disregarded portions of the jury's verdict in the case.

We affirm as modified.

This case originated with three separate cattle sales. The cattle were sold by City Bank. The Jacksboro Bank claimed to have had a lien on the cattle sold. The first sale involved 88 head of cattle and was called the Wichita Sale. The second sale, called the Vernon sale, involved 139 head. The third sale came to be known as the "Big Roundup". The case was tried to a jury.

By its answers to the special issues submitted the jury found that the Jacksboro Bank had a lien on 88 head of cattle sold in the Wichita sale and that the reasonable cash market value of the cattle at the time of sale was $13,535.61. It found that the Jacksboro Bank had a lien on 139 head sold in the Vernon sale and that the reasonable cash market value of the cattle was $27,-800.00. The jury failed to find that the Jacksboro Bank had a lien on any of the cattle sold in the "Big Roundup".

The City Bank filed a motion to disregard the jury's answers finding that the Jacksboro Bank had a lien on the cattle sold in the Wichita and Vernon sales. It also filed a motion for judgment non obstante veredicto. The Jacksboro Bank filed a motion for judgment on the verdict. The trial court rendered judgment on the verdict. It therefore overruled City Bank's motions to disregard and for judgment n. o. v. The trial court's judgment provided that the Jacksboro Bank recover from City Bank $51,198.60.

The City Bank filed an amended motion for new trial seeking a new trial and alternatively a remittitur. City Bank's motion for new trial did not request or provide any basis for the trial court to render a judgment disregarding or notwithstanding the jury's verdict.

The trial court made the following order:

## "ORDER GRANTING DEFENDANT'S MOTION FOR NEW TRIAL UNLESS REMITTITUR MADE

"On the 16th day of June, 1978, the Court heard the amended motion for new trial filed by the City National Bank in Wichita Falls, Defendant in the above styled and numbered cause.

"The motion was presented to the Court in due time and manner with due notice, and the Court after hearing and considering the same and argument of counsel is of the opinion that the same is well taken as to the $13,535.61 awarded Plaintiff for the sale of 88 cattle at the Wichita Auction sale on May 14, 1975, and Plaintiff is ORDERED to make a remittitur for said sum of $13,535.61, and

"That said motion is well taken as to the sale of 47 head of cattle in the Vernon Feed Lot at $200.00 per head, which were not covered by nor included in Plaintiff's mortgage, and Plaintiff is ORDERED to enter a remittitur for said sum of $9,400.00.

"That if such remittitur is filed on or before the 17th day of July, 1978, the sum of $22,935.61 ($13,535.61 plus $9,000.00) shall stand as eliminated and the judgment vacated to that extent, and as to the remainder of said judgment, that is the sum of $18,400.00, plus interest from October 9, 1975, said motion is overruled.

"That if Plaintiff fails to enter remittitur as set forth above, the judgment of April 25, 1978, shall be and hereby is vacated in its entirety and the Defendant's motion for a new trial granted, and the cause set for trial on its merits."

## ON APPELLEE'S MOTION TO DISMISS THE APPEAL

City Bank filed a motion to dismiss the Jacksboro Bank's appeal. It claims that because the Jacksboro Bank made the remittitur ordered by the trial court, the Jacksboro Bank cannot appeal unless it, the party benefited by the remittitur, perfects its appeal. The City Bank did not perfect an appeal. The Jacksboro Bank filed what it claims is a "'Remittitur' Under Protest". The Jacksboro Bank claims the action of the trial court does not constitute a remittitur. It characterizes the action of the trial court as an improper attempt to disregard portions of the jury's verdict.

■ It is clear that if the action of the trial court was indeed a remittitur we should grant City Bank's motion to dismiss the appeal. City Bank correctly states the general rule pursuant to Tex.R.Civ.P. 328 that before a party making a remittitur may appeal from the order requiring a remittitur, the party for whose benefit the remittitur is made must appeal. Tex.R. Civ.P. 328 does provide for appeal of the remittitur by the party making it upon

appeal by the party benefited by the remittitur. Presumably the propriety of the remittitur would be challenged by the party making it by cross-point of error.

Neither party has cited any authority which provides guidance for the determination of whether the action of the trial court is truly a remittitur. We have found no authority which serves a precedent for making this determination. The cases cited by City Bank involve situations where the damages were found to be excessive. The classic case for remittitur is a situation where the jury through prejudice, passion, or the consideration of an improper element returns a verdict for damages which is clearly excessive in amount. However, the facts at bar do not constitute such a case.

The Jacksboro Bank characterizes the action of the trial court in this case as expunging liability by disregarding jury issues thereon rather than remitting excessive damages. It cites McDonald, Texas Civil Practice Sec. 18.22–C, at 301 (1971). We find the following statement from *McDonald* instructive. "If it be clear from the whole record that the excessive award was influenced, consciously or unconsciously, by improper considerations, *but that the effect thereof is limited to the issues as to amount and does not taint the findings upon the issues as to liability,* full relief may be given by conditioning the refusal of the new trial upon the remittitur of an amount, set by the judge, which will reduce the award to a proper sum." (Emphasis ours.)

■ We conclude that where a remittitur ordered by the trial court alters liability found by the jury it is improper. Remittitur is designed to correct a verdict in which the amount of damages is excessive. The use of remittitur to alter the jury's verdict on issues of liability is tantamount to the trial court's substitution of its opinion on liability issues for the jury's. Under these circumstances any such substitution is clearly erroneous.

■ Applied to the facts of this case we conclude the order of the trial court was not a remittitur. Note that, in its order, the trial court stated in effect that the Jacksboro Bank did not have a lien on 47 of the 139 head of cattle involved in the Vernon sale. The jury had found that the Jacksboro Bank had a lien on all 139 head. The jury also found that the value of the 139 head was $27,800, or $200 per head. Note that the trial court in ordering the remittitur used the same value per head as found by the jury. Also we note that the trial court ordered the Jacksboro Bank to remit the entire value of the cattle, as found by the jury, involved in the Wichita sale.

From the above it is clear that the trial court was not ordering a true remittitur. We distinguish this from a situation where the trial court decided that the $200 per head valuation of the cattle made by the jury was clearly excessive and that placing a value of $100 per head on the cattle would be just. Under such circumstances the trial court could properly order the remittitur of the excess of the verdict over $100 per head. However, it is clear to us that this is not what took place in the case at bar. The action of the trial court cannot be properly characterized as a remittitur.

The only ground for dismissal asserted by City Bank in its motion to dismiss the appeal is the rule prohibiting appeal of a remittitur by the remitting party without an appeal by the party benefiting from the remittitur. Having decided that the action of the trial court is not a remittitur we overrule City Bank's motion to dismiss.

## ON THE MERITS

The Jacksboro Bank characterizes the action of the trial court as an improper attempt to disregard portions of the jury's verdict and render judgment notwithstanding portions of the verdict. The Jacksboro Bank notes that the trial court at the time it made its order had no motion to disregard or motion for judgment n. o. v. before it.

■ City Bank had made motions to disregard and for judgment n. o. v. By rendering judgment on the verdict these motions were overruled. City Bank did not reurge these motions but filed an amended motion for new trial seeking a new trial.

The Jacksboro Bank cited McDonald, Texas Civil Practice Sec. 17.32 (1971), as authority for its contention that the trial court cannot disregard the jury's answers to special issues or render a judgment n. o. v. on its own motion. We are convinced this is a correct statement of the rule. There being no motion to disregard or motion for judgment n. o. v., the action of the trial court cannot be sustained as an action on the court's own motion.

The trial court's action was in response to City Banks amended motion for new trial. Thus we must examine this motion to determine whether it provides a proper basis for the action of the trial court. A review of the amended motion for new trial reveals that City Bank requested a new trial on the grounds that there was no evidence or insufficient evidence to support the jury's answers to issues decided in favor of the Jacksboro Bank. No request for the trial court to disregard the answers or for judgment n. o. v. appears in the motion.

■ We find that McDonald, supra, in Sec. 17.32 at 211 correctly states the general rule applicable here. "A motion for new trial after judgment, which asks that the court grant a new trial because the judgment rests upon specified findings with no support in the evidence, will not authorize the trial court to render judgment notwithstanding such findings." Likewise we hold that such a motion will not authorize the trial court to disregard such findings. While the jury's verdict is not inviolate, and it is well settled that the trial court's rendition of a judgment n. o. v., or upon disregarding the verdict, is not a denial of the right of trial by jury, the jury's verdict is to be given great weight. In order to properly disregard the verdict or any portion thereof, the procedure established by Tex.R.Civ.P. 301 and 324 must be strictly followed.

■ In view of the fact that the proper procedure for setting aside the jury's verdict was not followed in this case, the action of the trial court was improper. Further the action of the trial court does not appear to be predicated on a finding that there was no evidence or insufficient evidence supporting the verdict, or that the answer's to the issues were so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. The action of the trial court cannot stand.

We modify the judgment of the trial court by striking the order for remittitur. We affirm the judgment of the trial court that the Jacksboro National Bank recover of and from the City National Bank in Wichita Falls the sum of $51,198.60, together with interest thereon at the rate of 9% per annum from April 25, 1978, the date judgment was rendered, until paid.

The judgment of the trial court as so modified is affirmed.

MASSEY, C. J., dissents.

MASSEY, Chief Justice, dissenting.

I would dismiss the appeal of the Jacksboro National Bank.

Whether or not it should be so I view the state of our law to be such that a trial court, after the expiration of thirty (30) days from that on which it has entered a judgment in a case, has no power over the judgment except to set it aside and grant a new trial. Should the court which has entered such a judgment thereafter conclude that it had rendered and entered the wrong judgment (for the purpose we disregard instances of clerical error) it can do nothing at all unless its jurisdiction is found to be preserved by a pending motion for new trial. If a motion for new trial is pending, i. e., one which the court can grant or overrule because there has not been such expiration of time that it had become overruled by operation of law, the court can do exactly what it did do in the instant case.

In other words the judge of the trial court could inform the parties that it was his intent to grant a new trial because in his opinion the judgment theretofore rendered would permit the prevailing party to obtain relief to which it was not entitled; unless something was possible to be done to eliminate recovery by the prevailing party of that to which the court deemed it to have

no entitlement. Obviously the prevailing party could tender by way of a "credit" upon the previously entered judgment the exact amount the court deemed erroneously granted thereby in order to "save" what it could of that judgment and avoid the hazard of another trial. Should such party make the offer, calling it "remittitur", it would be bound thereby and forever foreclosed to complain because it had chosen to tender the "credit" on the judgment amount as preferred alternative to retrial of the case. Of course, the clerk of the court would need some character of record so that no execution might be issued for the amount recited in the judgment, but for no more than the correct amount by deducting therefrom the "credit" to be applied to the judgment amount. There would be no problem to preparation of the necessary papers to be assured of such a result.

I can see no difference from the above by the accomplishment of the identical objective through an order of the court such as was entered in this case. Necessarily, there would be application of credit to the amount of the judgment only by consent of the prevailing party in either event. The unusual character of the court's order would operate in such manner so that no writ of execution could issue for the amount recited in the judgment, but only for the proper amount calculable upon proper credit applied thereto.

In either of the foregoing alternatives, the party who would save any part of its judgment by conceding a "credit" or tendering a "remittitur", whatever it might be called, would under existing law be deemed to have waived any right to complain. At least this is so if there is no attempt to appeal from the judgment by the opposing party.

It follows, in my opinion, that the Jacksboro National Bank must be treated as the prevailing party to the litigation in the trial court, and as having, pursuant thereto, received all that it was entitled to demand—even after the "credit" by "remittitur" was applied to the judgment. In that posture it possessed no right to complain in an appellate court, and should it file an appeal its appeal should be dismissed.

I respectfully dissent to the majority opinion.