CITY NATIONAL BANK IN WICHITA FALLS, Petitioner,

v.

JACKSBORO NATIONAL BANK, Respondent.

No. B–9166.

Supreme Court of Texas.

April 23, 1980.

Rehearing Denied May 21, 1980.

Fillmore, Lambert, Purtle & Lee, Glynn Purtle, Wichita Falls, for petitioner.

Jennings, Montgomery, Dies & Turner, Frank Jennings, Graham, for respondent.

PER CURIAM.

This is an appeal from a suit to recover the proceeds from the sale of property securing a promissory note. The plaintiff, Jacksboro National Bank, sued the City National Bank for the proceeds from the sale of cattle allegedly covered by their liens. Three different sales of cattle were involved, and the jury answered special issues to support Jacksboro National Bank's claim of liens on cattle sold at two of the sales. The trial court rendered judgment on the verdict in favor of the Jacksboro National Bank, and in so doing overruled City National Bank's motion to disregard the jury findings and motion for judgment non obstante veredicto.

City National Bank then filed a motion for new trial and an amended motion for new trial, and alternatively requested a remittitur. After a hearing on the motion for new trial, the trial court granted the motion for new trial conditioned on the plaintiff's non-compliance with the order for remittitur. Jacksboro National Bank tendered a "Remittitur Under Protest" and appealed.

The court of civil appeals held that the order of remittitur was invalid and denied City National Bank's motion to dismiss under Rule 328 Tex.R.Civ.Pro. The court of civil appeals modified the trial court's judgment by striking the remittitur, and affirmed. 592 S.W.2d 672. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

It is a well-established practice in Texas courts to condition the granting of a new trial upon compliance with an order of

remittitur. Tex.R.Civ.Pro. 320. A remittitur may be ordered when the trial court concludes that the verdict is excessive in light of the whole record. *Flanigan v. Carswell,* 159 Tex. 598, 324 S.W.2d 835 (1959); Tex.R.Civ.Pro. 328. The court of civil appeals erred in its holding that the order of remittitur in this case was not in fact a remittitur, but an attempt by the trial court to disregard the jury findings.

Rule 328 provides:

New trials may be granted when the damages are manifestly too small or too large provided that *whenever the court shall direct a remittitur in any action, and the same is made, and the party for whose benefit it is made shall appeal in said action, then the party remitting shall not be barred from contending in the appellate court that said remittitur should not have been required either in whole or in part,* and if the appellate court sustains such contention it shall render such judgment as the trial court should have rendered without respect to said remittitur. (Emphasis added).

The action taken by the court of civil appeals in this case conflicts with the requirements of Rule 328. Here, City National Bank, the party benefited by the remittitur, did not appeal from the trial court's judgment. Under the provisions of Rule 328, Jacksboro National Bank could not appeal the validity of the order of remittitur in the absence of an appeal by City National Bank. Therefore, the court of civil appeals erred in denying City National Bank's motion to dismiss the appeal.

Accordingly, the application for writ of error is granted, and without hearing oral argument, we reverse the judgment of the court of civil appeals and affirm the judgment of the trial court. Tex.R.Civ.Pro. 483.