**CITY OF GARLAND, Appellant,**

v.

**S. Vito VASQUEZ, Appellee.**

**No. 05–86–00611–CV.**

Court of Appeals of Texas,
Dallas.

June 16, 1987.

Rehearing Denied July 22, 1987.

E. Thomas Bishop, Mark M. Donheiser, Dallas, for appellant.

Allan M. Stafford, Garland, for appellee.

Before WHITHAM, BAKER and LAGARDE, JJ.

LAGARDE, Justice.

In this workmen's compensation case, Senobio Vasquez recovered a judgment, after a jury trial, against the City of Garland for a mental injury. In eight points of error, the City of Garland appeals contend-

ing that there is no evidence and, alternatively, that there is insufficient evidence to support the jury's findings that Vasquez was injured in the course of his employment, that Vasquez received an injury on or about April 16, 1982, that the injury was a producing cause of Vasquez's total incapacity, and that the duration of Vasquez's total incapacity was from April 16, 1982 to January 31, 1983. We hold that Vasquez has not suffered a compensable injury under the Texas Workmen's Compensation Act because there is no evidence that he was injured "in the course of his employment." Consequently, we reverse the trial court's judgment and render judgment that Vasquez take nothing.

Senobio Vasquez was a police officer with the City of Garland. Upon arrival at work each morning, Vasquez was required to look at the police department's bulletin board where his daily assignment was posted. When he arrived at work on April 16, 1982 at approximately 7:30 a.m., Vasquez looked at the bulletin board and saw a notice that a fellow officer had been transferred to a position that Vasquez had wanted.

Vasquez filed a claim with the Industrial Accident Board claiming that the bulletin board incident was an "accident" which caused him to suffer a compensable "mental injury" under the Texas Workmen's Compensation Act. The Industrial Accident Board issued a final ruling denying Vasquez's claim, and he then filed suit in the district court for a trial de novo of his claim. Vasquez alleged that he would be disabled for a period of at least four-hundred and one weeks and that he had incurred medical and hospital expenses for the treatment of his mental injury.

Special issues one through three, and the jury's answers thereto, are as follows:

SPECIAL ISSUE NO. 1

Did plaintiff receive an injury on or about April 16, 1982?

(Answer "Yes" or "No")

ANSWER: Yes

If he did, answer Issue No. 2.

SPECIAL ISSUE NO. 2

Was he injured in the course of his employment?

(Answer "Yes" or "No")

ANSWER: Yes

If he was, answer No. 3 and No. 4.

SPECIAL ISSUE NO. 3

Was the injury a producing cause of any total incapacity?

(Answer "Yes" or "No")

ANSWER: Yes

If it was, answer No. 3A and 3B

3A. Find the beginning date of total incapacity. (By stating month, day, and year)

ANSWER: April 16, 1982

3B. Find the duration of total incapacity. (By answering "Permanent" or by stating the ending date)

ANSWER: January 31, 1983

The trial court rendered judgment on the jury's findings that Vasquez recover from the City of Garland $1,595.00 in attorney's fees, $6,380.00 for his total and temporary incapacity, and $1,296.10 for his unpaid medical expenses.

■ In its third and fourth points of error, the City of Garland contends that the evidence is legally and factually insufficient, respectively, to support the jury's finding that Vasquez sustained an "injury" as that term is defined in the Texas Workmen's Compensation Act and in the jury instruction that relates to special issue number one. *See* TEX.REV.CIV.STAT. ANN. art. 8306, § 20 (Vernon Supp.1987) (defining the term "injury"). Under the Texas Workmen's Compensation Act, mental trauma can produce an accidental injury if there is proof of a definite time, place, and cause. *Transportation Ins. Co. v. Maksyn*, 580 S.W.2d 334, 338 (Tex.1979). Vasquez testified that he suffered an injury to his brain. He testified that at the time of his alleged injury, he was following a specific job requirement by reviewing the bulletin board. He also testified that he looked at the bulletin board at 7:30 a.m. on April 16, 1982 on the second floor of the Police Department in the squad room. Thus, Vasquez argues that he has satisfied *Maksyn* by offering proof which traces his injury to a specific time, place, and cause,

and that therefore, he suffered an accidental injury. In light of our disposition of the City's first point of error, we assume, but do not decide, that the evidence is sufficient to show that Vasquez sustained an accidental mental injury on or about April 16, 1982.

■ In its first point of error, the City of Garland maintains that there is no evidence to support the jury's finding, in response to special issue number two, that Vasquez was injured in the course of his employment. To be compensable under the workmen's compensation act, an injury must be sustained "in the course of employment." *See* TEX.REV.CIV.STAT.ANN. art. 8306, § 3b (Vernon 1967) (compensation is paid to an employee who "sustains an injury *in the course of his employment*") (emphasis added). The trial court submitted an instruction to the jury which relates to special issue number two and which tracks the following language from the Texas Workmen's Compensation Act:

The term "injury sustained in the course of employment"

\*    \*    \*    \*    \*    \*

shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere.

TEX.REV.CIV.STAT.ANN. art. 8309, § 1 (Vernon 1967). The definition of "in the course of employment" embraces two elements: 1) the injury must be of such kind and character that it has to do with and originated in the employer's work, and 2) the injury must have been sustained while the employee was engaged in or about the furtherance of the employer's business. *See McKim v. Commercial Standard Ins. Co.,* 179 S.W.2d 357, 358 (Tex.Civ.App.— Dallas 1944, writ ref'd); *City of Austin v. Johnson,* 525 S.W.2d 220, 221 (Tex.Civ. App.—Beaumont 1975, writ ref'd n.r.e.).

In determining whether there is some evidence to support the jury's finding that Vasquez was injured in the course of his employment, we consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences the contrary. *See Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). If there is any evidence of probative force amounting to more than a scintilla, the jury's finding is binding and conclusive. *See In re King's Estate,* 150 Tex. 662, 664, 244 S.W.2d 660, 661 (1951); *see also International Bankers Life Ins. Co. v. Holloway,* 368 S.W.2d 567, 581 (Tex.1963) (no evidence inquiry is to determine if there is any evidence of more than a scintilla). With these principles in mind, we examine the testimony concerning Vasquez's examination of the bulletin board on the morning of April 16, 1982.

The following testimony was elicited from Vasquez on direct examination:

Q. Do you remember what happened after you looked at the bulletin board?

A. Well, when I looked at the bulletin board I found out that I had been passed over for promotion, which was a position in criminal investigation and after that I really don't recall exactly what happened, I just, you know, lost my ability to, I guess, think rationally.

On cross-examination, the following testimony was adduced:

Q. Okay. Now, I believe you testified and correct me if I'm wrong, Mr. Vasquez, that you went in there this morning and looked at that bulletin board and we're talking about April the 16th, 1982?

A. Yes, sir.

Q. And there was some transfer list or promotion list or something up there and you didn't see your name on it, is that right?

A. Yes, sir. That's correct.

Q. Okay. Well, had you applied for a promotion? I'm confused whether it was a promotion or a transfer?

A. It was a transfer, yes, sir. I had applied for it.

Q. Transfer to the Criminal Investigation Division?

A. Yes, sir.

Q. And your name wasn't on there?

A. No, sir, it was not.

Q. All right. And what happened to you, did you have a physical injury at that time?

A. Yes, sir.

Q. What kind of physical injury did you have? Did you fall down, did you faint?

A. No, sir. It was mental.

Q. It was mental?

A. Yes.

Q. All right. And what part of your body are you saying was injured?

A. My brain.

\*   \*   \*   \*   \*   \*

Q. Do you recall when I took your deposition in my office sometime ago?

A. Yes, sir, I do.

Q. Do you remember what you said at that time when I asked you?

A. What happened to me?

Q. Well, if I may, you said, "I was just cut off from my brain"?

A. Yes, sir, I was. I couldn't—I felt like I was in slow motion or some type of injury had happened to me.

Q. Had you been under any other stressful situations in your duties out there, Mr. Vasquez?

A. No, sir, none that I can think of.

Q. It was just this going up there and expecting to get your transfer and you didn't get it?

A. Yes, sir.

Q. But—is that your testimony?

A. Yes, sir.

The only other person who testified at trial as to the circumstances surrounding the bulletin board incident was Robert T. Wade. Wade was the assistant Chief of Police for the City of Garland at the time of Vasquez's alleged injury. Wade testified that Vasquez's goal was to work in the criminal investigation department and that when there was an opening in that department, "it was almost understood by other members of the department that Vasquez would get that job because he was best qualified for it." Wade also testified that everyone, including Vasquez, was shocked when they saw the notice on the bulletin board that a man with far less experience

than Vasquez had been transferred to the position. Wade stated that he had heard that Vasquez was so "upset and chagrined" after he saw the transfer notice that he went to a center that specialized in job related stress. In short, the testimony given by Wade and Vasquez shows that Vasquez's "mental injury" was the result of his disappointment over not getting a job transfer.

Vasquez argues that the jury's finding that he suffered an injury in the course of his employment is supported by the evidence because the evidence shows that at the time of his injury, he was following the specific, particular directive of his employer by reviewing the bulletin board. We cannot agree. It is arguable that because, at the time of his injury, Vasquez was reading the bulletin board where his daily assignment was posted, and because reading the bulletin board was a specific job requirement, the injury was sustained while Vasquez was engaged in the furtherance of the business of the police department of the City of Garland. However, even assuming that Vasquez has proved that he sustained his injury while engaged in the furtherance of his employer's business, in order for the injury to be compensable, Vasquez must also show that the injury was of a kind and character that had to do with and originated in his employer's business or work. *See Texas Gen. Indemnity Co. v. Bottom,* 365 S.W.2d 350, 353 (Tex.1963); *American Gen. Ins. Co. v. Williams,* 149 Tex. 1, 6, 227 S.W.2d 788, 790 (1950).

▪ An injury has to do with and arises out of employment if there is a causal connection between the conditions under which an employee's work is required to be performed and the resulting injury. *See Williams,* 149 Tex. at 5, 227 S.W.2d at 790; *Safety Casualty Co. v. Wright,* 138 Tex. 492, 499, 160 S.W.2d 238, 242 (1942). There is no evidence that shows a causal connection between Vasquez's injury and a physical condition under which he was required to work. Vasquez did not offer proof that shows that his injury was caused by a physical condition existing in

his work environment. Nor did Vasquez allege or offer proof that his injury was caused by his physical action of standing in front of the bulletin board and looking at the transfer notice posted on the board. Rather, the testimony shows that his injury was caused by his reading of the *contents* of that notice and his realization that a fellow employee was getting the transfer that he wanted.

■ An employee's injury can also be characterized as having to do with and arising out of his employment when it results from a risk or hazard that is necessarily, ordinarily, or reasonably inherent in or incident to the conduct of the employer's work or business. *See Williams*, 149 Tex. at 5, 227 S.W.2d at 790. A risk is incidental to employment when it is connected with what an employee has to do in performing his contract of service. *See id.; Wright*, 138 Tex. at 499, 160 S.W.2d at 242. The evidence shows that Vasquez's injury was the result of his disappointment over not getting a job transfer. Applying the test set forth above, we hold that disappointment over not getting a job transfer is not connected with what an employee has to do in performing his contract of service. *Accord City of Austin v. Johnson*, 525 S.W.2d 220, 221 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.) (holding that worry and anxiety over job loss is not connected with what a workman has to do in performing his contract of service); *Hayse v. Seaboard Fire and Marine Ins. Co.*, 562 S.W.2d 282, 284 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.) (following *Johnson* and holding that an employee's health condition was not a compensable injury because it was caused by fear of job loss). Accordingly, we hold that there is no evidence that Vasquez's mental injury has to do with or originates in the work or business conducted by the police department of the City of Garland. We sustain the City of Garland's first point of error.

■ We next must determine whether judgment should be rendered for the City of Garland, or whether the cause should be remanded for a new trial. Ordinarily, when a no-evidence point is sustained, judg-ment is rendered by the appellate court. Where, however, a no-evidence point is first raised by assignment in a motion for new trial, the assignment is sufficient to obtain a remand for a new trial, but is not sufficient to obtain a rendition of judgment. *See e.g., Ward v. Shriro Corp.*, 579 S.W.2d 257, 261 (Tex.Civ.App.—Dallas 1978, no writ); *Lopez v. Hernandez*, 595 S.W.2d 180, 182 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Commercial Ins. Co. of Newark, New Jersey v. Puente*, 535 S.W.2d 948, 950 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). In the present case, Vasquez argues that because the City of Garland first raised its no-evidence points in its motion for new trial, this court may not render judgment for the City of Garland, but may only remand the cause for a new trial. We disagree.

The rationale behind the above-cited limitation on the authority of an appellate court to render judgment is that, ordinarily, the only relief requested in a motion for new trial is a new trial. *Cf. Jacksboro Nat'l Bank v. City Nat'l Bank in Wichita Falls*, 592 S.W.2d 672, 676 (Tex.Civ.App.—Fort Worth 1979) (a motion for new trial which requests that the trial court grant a new trial because the judgment rests upon specified findings with no support in the evidence will not authorize the trial court to disregard the findings or to render judgment notwithstanding the findings), *rev'd on other grounds*, 602 S.W.2d 511 (Tex. 1980); *French v. Brodsky*, 521 S.W.2d 670, 682 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.) (if the point of error is directed to the overruling of a motion for new trial, the appellate court can only remand if the point is sustained). Here, however, the City of Garland filed a post-judgment "motion to modify, correct, or reform judgment or, in the alternative, for new trial." In the motion, the City prayed for vacation of the judgment and entry of a take-nothing judgment or, alternatively, for a new trial.

■ A motion for judgment may be construed as a motion for judgment notwithstanding the verdict where it contains a request to disregard specific and identi-

fied findings along with assigned reasons. *See Cleaver*, 570 S.W.2d at 483. The nature of a motion for judgment notwithstanding the verdict is determined by its substance which is gleaned from the body and prayer of the instrument. *See Dittberner v. Bell*, 558 S.W.2d 527, 531 (Tex.Civ. App.—Amarillo 1977, writ ref'd n.r.e.). In its motion, the City of Garland specifically complained that there is no evidence to support the jury's findings to special issues number one, two, and three. In light of those complaints and the prayer for vacation of judgment and rendition of a take-nothing judgment, we construe the City's motion as a combination motion for new trial and a motion for judgment notwithstanding the verdict.

Because the City of Garland filed its motion within thirty days after the judgment was signed, the trial court had the authority to vacate the judgment for Vasquez. *See* TEX.R.CIV.P. 329b(d) (trial court has plenary power to vacate a judgment within thirty days after the judgment is signed). In order to vacate its judgment and render a take-nothing judgment for the City, the trial court would have had to disregard the jury's findings. Jury findings may be disregarded after rendition of judgment and before the judgment becomes final. *See Eddings v. Black*, 602 S.W.2d 353, 357 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.). Furthermore, a motion for judgment notwithstanding the verdict may be filed and acted upon by the trial court after judgment is entered and before the judgment becomes final. *See Cleaver v. Dresser Industries*, 570 S.W.2d 479, 483 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); *Machac v. Hajek*, 437 S.W.2d 325, 328 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.).

A trial court may grant a motion for a judgment notwithstanding the verdict where a directed verdict would have been proper. *See* TEX.R.CIV.P. 301. A directed verdict is proper where the movant is entitled to prevail as a matter of law. *See Sharpe v. Safway Scaffolds Co. of Houston, Inc.*, 687 S.W.2d 386, 393 (Tex.App.— Houston [14th Dist.] 1985, no writ). The City of Garland was entitled to prevail here as a matter of law because, as we have held, there is no evidence to support the jury's finding that Vasquez was injured in the course of his employment. Therefore, the trial court should have vacated the judgment for Vasquez, disregarded the jury's answer to special issue number two, and rendered a take-nothing judgment against Vasquez notwithstanding the jury's verdict. Thus, we hold that because the City of Garland clearly asserted its no-evidence contentions in its post-judgment motion, and prayed for the rendition of a take-nothing judgment, we may render judgment against Vasquez. *See* TEX.R. APP.P. 81(c) ("[w]hen the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary to remand to the court below for further proceedings"); *Rosas v. Shafer*, 415 S.W.2d 889, 889–90 (no-evidence points are preserved where they are made clear to the trial court in time for the court to correct any error).

The judgment of the trial court is reversed and judgment is rendered that Vasquez take nothing against the City of Garland.