**Oneta H. MARSH, Appellant,**

v.

**The TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, Appellee.**

**No. 08–89–00385–CV.**

Court of Appeals of Texas, El Paso.

May 2, 1990.

Rehearing Overruled May 30, 1990.

Michael Cohen, Schwartz Earp McClure C & S, El Paso, for appellant.

Brenda J. Norton, Kemp, Smith, Duncan & Hammond, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a summary judgment granted in favor of The Travelers Indemnity Company of Rhode Island ("The Travelers") on all claims in a suit filed by Oneta H. Marsh ("Marsh") for workers' compensation benefits connected with a posttraumatic distress order. We affirm.

At the time of her retirement, Marsh was employed as the manager of a Phone Center Store by AT & T Information Systems at an annual salary of $33,271.52. She had worked for AT & T and its predecessors, Mountain Bell Telephone and Southwestern Bell Telephone, for a number of years and was eligible for retirement. Previous to her retirement, her supervisor had spoken to her about taking retirement. On May 8, 1984, Marsh's supervisors called her into their office and told her that she had a choice to make: She could either take retirement or she could be downgraded and stay on as a clerk at a salary of around $7,000.00. Marsh chose retirement. Sub-sequently, Marsh began experiencing mental and emotional problems which were diagnosed as posttraumatic stress disorder brought on by her anxiety over the choice she had to make and by the retirement that followed. After an adverse ruling on her claim by the Industrial Accident Board, Marsh filed this suit claiming that her posttraumatic stress disorder was an occupational injury sustained by her while in the course and scope of her employment and seeking benefits under the Texas Workers' Compensation Act for total and permanent incapacity.

■ Marsh contends in her two points of error that the summary judgment was erroneous because the evidence submitted in support of the motion failed to establish as a matter of law that there was no issue of a material fact and that she did not suffer an injury in the course and scope of her employment. To sustain a summary judgment, the movant (The Travelers) has the burden to show that, as a matter of law, no genuine issue of a material fact exists as to the non-movant's (Marsh's) cause of action. *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548 (Tex.1985); *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733, 734 (Tex.1985).

■ The only question in this case is: Is there a genuine issue as to whether Marsh's alleged injury was sustained in the course of her employment? See Tex.Rev. Civ.Stat.Ann., arts. 8306, sec. 3(b) and 8309, sec. 1 (Vernon 1967). To successfully maintain a workers' compensation action, an employee must be injured while pursuing, in some form, the business of the employer. The injury must be of such kind and character as had to do with and originated in the employer's work, and the injury must have been suffered while the employee was engaged in or about furtherance of the affairs of the employer. *Dallas County v. Romans,* 563 S.W.2d 827 (Tex.Civ.App.—Tyler 1978, no writ); *City of Austin v. Johnson,* 525 S.W.2d 220, 221 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.); *McKim v. Commercial Standard Ins. Co.,* 179 S.W.2d 357, 358 (Tex.Civ.App. —Dallas 1944, writ ref'd). Disappointment in job expectations, worry and anxiety over job loss, failure to be promoted, and the

722

like have long fallen outside the ambit of "injury sustained in the course of employment" simply because such emotional or mental states are not connected with the employer's business. *City of Garland v. Vasquez*, 734 S.W.2d 92 (Tex.App.—Dallas 1987, writ ref'd n.r.e.); *Hayse v. Seaboard Fire and Marine Insurance Company*, 562 S.W.2d 282, 284 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.); *City of Austin*, 525 S.W.2d at 221.

■ Marsh argues that the recent case of *Director, State Employees Workers' Compensation Division v. Camarata*, 768 S.W.2d 427 (Tex.App.—El Paso 1989, no writ) supports her contention that her injury occurred in the course and scope of her employment. In *Camarata*, the state agency handling compensation claims of state employees challenged the jury finding that Camarata received an injury in the course and scope of his employment by an insufficiency of evidence point. The evidence, held by the court to be sufficient, indicated that an inaccurate and unfair memo critical of Camarata's work, circulated between his supervisors, was shown to him by another employee, causing him to suffer from a posttraumatic stress disorder. That case can be distinguished from the instant case just from the fact that the memo and Camarata's resulting mental distress and injury were directly connected with his performance of the employer's business, whereas the choice between retirement and demotion, by itself, had nothing to do with Marsh's job performance. We decline to extend the holding in *Camarata* to mental injuries resulting from a choice between retirement or demotion. As stated in *City of Austin:*

> To hold that worry and anxiety over job loss is 'connected with what a workman has to do in performing his contract of service' would in our opinion not be reasonable. 525 S.W.2d at 221.

Points of Error Nos. One and Two are overruled. The summary judgment granted by the trial court is affirmed.