■ JAMES J. KELLY, Respondent, v COUNTY OF NASSAU, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed February 11, 1976, which found that at the time claimant was injured he was in the course of his employment. The claimant is employed by the self-insured appellant as a policeman. The employer had a regulation which provides as follows: "It is the duty of the police department and its members of the force at all times of the day or night to protect life and property, prevent crime, detect and arrest offenders, preserve the public peace, and enforce all laws and ordinances over which the police department has jurisdiction." It is undisputed that the claimant was off active duty and at home resting when he heard a noise at his front door. He ran out of the house and observed that his front door had been vandalized and that there were two boys standing outside. He said "stop" and they did not so he chased them and fell sustaining injuries for which benefits were sought in these proceedings. The board found that the claimant was acting as a policeman at the time of the injuries. The

employer contends that the claimant was involved in a personal activity at the time of the accident, however, that issue was factual and the board's decision is conclusive (see *Matter of Leonard v New York City Housing Auth.,* 40 AD2d 1056, affd 33 NY2d 891). The employer also contends that unless the claimant had "probable cause" to arrest the boys, he was not in the course of his employment. It is apparent that "probable cause" would only go to the legality of arrest and would not be conclusive as to whether or not a policeman was in the course of his employment when he acted. The appeal has no substantial merit and the decision is supported by substantial evidence. The Attorney-General on behalf of the Workmen's Compensation Board notes that the employer upon this appeal has attached to its main brief as an "appendix" certain materials not introduced in evidence before the board and the employer does seek to use those materials as evidence going to claimant's credibility. the objection of the Attorney-General is well taken and such abuse of the appeal process is not condoned. The employer calls attention to the fact that in a special proceeding decided by the Supreme Court at Special Term in Nassau County, the court held that the claimant was not entitled to declaratory judgment that he was in the course of his employment. The decision is dated October 15, 1976 and quite clearly could not affect the prior decision of the Workmen's Compensation Board which we are herein reviewing. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Sweeney, Kane, Larkin and Herlihy, JJ., concur.