OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the claim dismissed.
To be compensable under the provisions of the Workers’ Compensation Law an injury must arise out of the employment, that is, it must be a natural incident of the work, and it *975 must arise in the course of employment (Workers’ Compensation Law § 10; Matter of Malacarne v City of Yonkers Parking Auth., 41 NY2d 189, 193). Decedent’s death while sleeping at home was caused when his wife accidentally shot him with his service revolver. Inasmuch as departmental regulations required that decedent keep the side arm with him during off-duty hours, claimant contends that the Board could reasonably award her benefits for the death occurring in the course of employment.
The death clearly arose out of the employment because the gun’s presence in the house was dictated by the employer’s regulations. However, it did not arise in the course of employment, because the injury was not received while the employee was performing the work for which he was employed (Matter of Malacarne v City of Yonkers Parking Auth., supra, p 193; Matter of Wilson v General Motors Corp., 298 NY 468). An officer may be on duty 24 hours a day, in the broad sense of the term, and required to keep his service revolver with him at all times because of such an order, but to be compensable an injury caused by the revolver must also be sustained by the officer in the performance of his duty (see, Matter of Pucillo v Regan, 62 NY2d 736, affg 98 AD2d 877; Matter of De Jesus v New York State Police, 95 AD2d 454; Matter of Sorli v Levitt, 77 AD2d 773; Peetz v Industrial Commn., 124 Ariz 324, 604 P2d 255; cf. Matter of Washington v New York City Hous. Auth., 24 NY2d 912; Kelly v County of Nassau, 58 AD2d 681; Borough of Aldan v Workmen’s Compensation Appeal Bd., 54 Pa Commw 622, 422 A2d 733). Decedent in this case was sleeping, not performing police duties at the time of the accident. Accordingly, the claim must be dismissed.
Chief Judge Wachtler and Judges Meyer, Simons, Alexander and Hancock, Jr., concur in memorandum; Judges Kaye and Titone taking no part.
Order reversed, etc.