Sindy Conant BANFIELD, Appellant,

v.

CITY OF SAN ANTONIO,
Self–Insured, Appellee.

No. 04–89–00558–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 10, 1990.

Stanley Bernstein, San Antonio, for appellant.

Charles S. Frigerio, Hector X. Saenz, San Antonio, for appellee.

Before REEVES, CARR and BISSETT, JJ.

## OPINION

GERALD T. BISSETT, Assigned Justice.[1]

This is an appeal by Sindy Conant Banfield, plaintiff in the trial court, from an instructed verdict in a workers' compensation lawsuit in favor of the City of San Antonio, defendant in the trial court. Plaintiff sued to recover workers' compensation benefits pursuant to TEX.REV.CIV. STAT.ANN. art. 8309 (Vernon 1967). She alleged that she suffered a compensable injury in the course of her employment as a San Antonio Police Officer when she was accidentally shot by her minor son at her home. After both parties rested the court granted defendant's motion for instructed verdict, finding that plaintiff had offered no evidence that her injury was sustained in the course of her employment for the City of San Antonio. We affirm.

Plaintiff contends in a single point of error that the trial court erred in granting defendant's motion for instructed verdict because a fact issue existed as to whether she suffered a "compensable on the job injury." We do not agree.

The San Antonio Police Department Regulation 4.01 reads:

Members subject to duty: While within the corporate limits of the City of San Antonio, officers of the San Antonio Police Department will consider themselves available for duty in any emergency situation, regardless of their actual duty status, and shall carry their police identification and an approved weapon.

The following facts are undisputed: (1) On February 9, 1986, plaintiff, a San Antonio Police Officer, finished her tour of duty as a San Antonio Police Officer and returned to her home; (2) after returning home, plaintiff removed her service revolver from her purse and placed it on her bedroom dresser, removed her uniform and was preparing to go to bed when her five year old son picked up the revolver and accidentally shot her; (3) at the time of the shooting, plaintiff was not discharging an official duty as a San Antonio Police Officer; (4) the accident made the basis of this suit occurred within the corporate limits of the defendant; and (5) the revolver that was carried by plaintiff and fired by her son was "an approved weapon."

■ When under the evidence produced upon the trial before a jury a party is entitled to a verdict as a matter of law, the court, either on its own motion or upon a motion by the affected party, may instruct the jury as to the verdict it must return, or may withdraw the case from the jury and render judgment. *Adams v. Houston Nat. Bank,* 1 S.W.2d 878, 879 (Tex. Comm'n App.1928, holding approved); 3 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS, § 11.25, p. 189 (rev.1983).

■ A defendant is entitled to judgment as a matter of law when reasonable minds cannot differ in their decision. *Vance v. My Apartment Steakhouse,* 677 S.W.2d 480 (Tex.1984). On appeal from an instructed verdict, the appellate court must determine if there is any evidence of probative force to raise a fact issue on any theory of recovery. *Jones v. Tarrant Utility Co.,* 638 S.W.2d 862 (Tex.1982). In a

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.

GOV'T CODE ANN. § 74.003 (Vernon 1989).

workers' compensation case, the general rule is that an employee suffers an injury in the course of his or her employment only if the injury: (1) is of a kind or character originating in or having to do with the employer's work; and (2) occurs while the employee is engaged in the furtherance of the employer's business or affairs. *Biggs v. United States Fire Ins. Co.*, 611 S.W.2d 624, 627 (Tex.1981). The rule is subject to exceptions, but none of the exceptions apply to the case at bar. For a discussion of the so-called "temporary direction" exception, *see Biggs*, 611 S.W.2d at 627–29.

We have found only three instances where Texas courts have dealt with police officers in cases where the controlling issue was whether the police officer was injured in the course of his employment. Those cases are distinguishable from the case at bar.

In *Traveler's Ins. Co. of Hartford v. Hobbs*, 222 S.W.2d 168 (Tex.Civ.App.—San Antonio 1949, no writ), a police officer who had just gotten off-duty and while in uniform was walking down a roadway with his wife when an oncoming automobile approached the couple and the officer pushed his wife out of harms way but in the process was struck and killed by the automobile. This court held, at page 171, that although the officer was technically off-duty at the time he was killed, the moment he discovered a violation of law and undertook to exercise "police action" he was at that time acting in the course of his employment. Plaintiff, in the appeal before us, was not discharging any official duty as a San Antonio police officer at the time of her injury.

In the case of *Vernon v. City of Dallas*, 638 S.W.2d 5 (Tex.App.—Dallas 1982, writ ref'd n.r.e.), an off-duty police officer was injured while attempting to quell a disturbance outside the city limits of Dallas. The appellate court upheld summary judgment in favor of the defendant City of Dallas, and held that since the off-duty police officer had no "duty" outside the city limits that he was not engaged in the furtherance of his employer's business while outside the city limits of the City of Dallas and,

therefore, failed to meet the second prong under *Biggs*. *Vernon* is similar to the case at bar since plaintiff was not engaged in the furtherance of her employer's business as she was in the process of going to bed at the time of her injury.

The third Texas case to address the subject matter is *City of Garland v. Vasquez*, 734 S.W.2d 92 (Tex.App.—Dallas 1987, writ ref'd n.r.e.), wherein a police officer alleged to have sustained an injury in the course of his employment by looking at a police department bulletin board. The court held at page 97, that even though the officer may have been required to look at the bulletin board that the alleged mental injury was not an injury that arose in the course of employment. The instant case is somewhat similar to *Vasquez* in that although plaintiff was required to take her revolver home, the resultant injury sustained by her was not sustained at a time when she was in the course of her employment.

Plaintiff, in support of her position that she was in the course of her employment, relies on the case of *Lujan v. Houston Gen. Ins. Co.*, 756 S.W.2d 295 (Tex.1988), which involved "delayed action." Plaintiff, in the case before this court, asserts that her case is a delayed action case since she was required to take home her service revolver. However, her reliance on "delayed action cases," such as *Lujan*, is misplaced. In *Lujan*, Justice Ray described that in delayed action cases "[i]t is the origin of an injury which is crucial, since the real question is whether the event was an industrial accident. The moment of manifestation is almost immaterial." *Id.* at 297.

In the case at bar, the "injury" was not the requirement of taking the service revolver into plaintiff's home, but rather the accidental shooting through the improper use of the revolver by plaintiff's minor child. The *Lujan* case is distinguishable from the present case because in *Lujan* the claimant's injury occurred at work when he was drenched with paint thinner thereby causing the claimant personal discomfort and irritation. The claimant in that case was compelled to go home because his place of employment did not provide a

place to bathe. Therefore, the initial injury occurred at work and was later manifested when the claimant while at home lit a match in his bathroom which caused a flash fire. Here, plaintiff's requirement to bring home her service revolver was not in and of itself an "injury" whose manifestation was delayed. She was not "injured" at the time her service revolver entered her home on February 9, 1986, but a later time when, as already noted, her minor son picked up her revolver and accidentally shot her. The instant case does not fall under the ambit of "delayed action" cases.

Plaintiff further contends that her injury occurred in the course of employment since she is required to be available for duty on a twenty-four (24) hour basis while within the corporate limits of the City of San Antonio. However, an employee does not meet the two-prong test under *Biggs* by simply being in an "on-call" situation. *See Smith v. Dallas County Hosp. Dist.*, 687 S.W.2d 69 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.), where the claimant was a technician in the radiology department of defendant hospital and was "on-call" during evenings and weekends. Plaintiff in that case attempted to prove that she was in the course of employment when she sustained an injury during an automobile accident while returning from an "on-call" situation to the hospital. However, the court held, at page 72, that the mere fact that she was "on-call" did not place the injury in the course of her employment.

While the unique facts of the case at bar arguably make it one of first impression in Texas, there does exist a case from the State of New York which is exactly on point. *Koerner v. Orangetown Police Dept.*, 68 N.Y.2d 974, 510 N.Y.S.2d 548, 503 N.E.2d 104 (1986), a police officer who was required to take home his service revolver while off-duty was accidentally shot by his wife with his service revolver as he lay sleeping. New York's highest court held that although the officer was required to take his revolver home the injury itself did not arise in the "course of employment" because the injury was not received while the employee officer was performing the work for which he was employed. The decedent was sleeping and not performing the duties of a police officer at the time of the accident.

We hold that the trial court properly granted an instructed verdict to defendant because the undisputed facts show that plaintiff was not in the course of her employment when she suffered the injury upon which her lawsuit is founded.

The judgment of the trial court is affirmed.