

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00017-CV

**FORT WORTH INDEPENDENT SCHOOL DISTRICT, SELF-INSURED,**

                                                **Appellant**

 **v.**

**CAROL A. SEIFERT,**

                                                **Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. C200400242

## MEMORANDUM  OPINION

The Fort Worth Independent School District appeals a jury finding that a stroke suffered by Carol Seifert is a compensable injury pursuant to the Texas Workers' Compensation Act.  *See* TEX. LAB. CODE ANN. §401.001 et seq. (Vernon 2006).  The District complains that the evidence was legally and factually insufficient for the jury to have found that the stroke was a compensable injury and that the trial court erred by not admitting the full opinions from the Benefit Contested Case Hearing Office and the Appeals Panel.  Because we find that the sufficiency issue was inadequately briefed and

that the trial court did not abuse its discretion in the admission of evidence, we affirm the judgment of the trial court.

*The Facts and Procedural Background*

Carol Seifert was a physical education teacher in the District when she suffered a knee injury, which was undisputedly a compensable injury. Treatment of the injury required four knee surgeries. During the fourth surgery, Seifert suffered a severe stroke which left her permanently disabled. After an administrative hearing, the hearing officer found that the stroke was not a compensable injury and the appeals panel affirmed that finding. Seifert filed this action in the district court to challenge those findings.

A jury was charged solely with the question of whether the compensable knee injury extended to and included the stroke. The jury answered the question "yes," and the trial court entered a judgment in accordance with the jury finding. The trial court denied the District's motion for new trial. This appeal followed.

*Legal and Factual Sufficiency*

The District complains in issue one that the evidence was legally and factually insufficient. More specifically, the District contends that because Seifert suffered from moyamoya[1] that her stroke was not connected or was insufficiently connected to the

---

[1] Moyamoya is a rare disorder of the blood vessels in the brain known as internal carotid arteries. The condition is characterized by stenosis (narrowing) or occlusion (blockage) of one or both internal carotid arteries with subsequent formation of an abnormal network of blood vessels adjacent to the internal carotid arteries. The term "moyamoya," a Japanese word that means "puff of smoke," describes the appearance of the abnormal vessels that form adjacent to the internal carotid arteries.

surgery to be a compensable injury. Both the District and Seifert offered expert medical testimony regarding the causes of the stroke.

However, the District provides no argument or authorities regarding the legal standard required to establish causation in cases such as this, nor do they give any citations to the record to assist in a sufficiency analysis. Therefore, this issue is inadequately briefed and, therefore, waived. *See* TEX. R. APP. P. 38.1(h) & (i). We overrule issue one.

## *Improper Admission of Evidence*

The District next complains that the trial court erred by refusing to admit unredacted copies of the decision and order of the Benefit Contested Case Hearing Office and the decision of the appeals panel. Seifert objected to the admission of the exhibits on the basis of hearsay, lack of relevance, and unfair prejudice. *See* TEX. R. EVID. 801, 802, 401, 402, & 403. The trial court reviewed the documents and admitted them after redacting portions of the report that contained the unstipulated factual findings from those proceedings. It is unclear on what basis the trial court sustained Seifert's objections.

## *Standard of Review*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007); *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion if it acts without regard to guiding rules or principles. *Owens-Corning Fiberglas Corp.*, 972 S.W.2d at 43. We must uphold the trial court's evidentiary

ruling if there is any legitimate basis for the ruling. *See id.* We will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment or probably prevented an appellant from properly presenting their case to the court of appeals. *See* TEX. R. APP. P. 44.1(a); *Owens-Corning Fiberglas Corp.*, 972 S.W.2d at 43.

The Workers' Compensation Act contains two provisions governing the admissibility of the Commission's decision and record in a jury trial. First, the trial court is required to "inform" the jury of the Commission appeals panel "decision" in the court's charge. TEX. LAB. CODE ANN. § 410.304(b) (Vernon 2006). This provision is mandatory. The jury, however, is not required to accord the decision any special weight. *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 528 (Tex. 1995). In addition, section 410.306(b) allows the admission into evidence of the Commission's "record." TEX. LAB. CODE ANN. § 410.306(b) (Vernon 2006). The Commission's record is comprised, in part, of the written opinion containing the commission appeals panel decision. *ESIS, Inc. v. Johnson*, 908 S.W.2d 554, 560 (Tex. App.—Fort Worth 1995, writ denied). However, the Texas Rules of Evidence govern the admission at trial of facts and evidence contained in the Commission's record. TEX. LAB. CODE ANN. §410.306(b) (Vernon 2006); *National Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 529 (Tex. 2000).

The District's sole complaint regarding this issue is that the exhibits should have been admitted in their entirety because they fit within the exception from the hearsay rule as a public record or report pursuant to Texas Rule of Evidence 803(8). *See* TEX. R. EVID. 803(8). The redacted portions of the decision and opinion from the benefit

contested case hearing and the decision of the appeals panel both contain a review of testimony about the causes of the stroke, including the substance of testimony of persons who did not later testify before the jury and documents that were admitted at the contested hearing but not admitted before the jury. We will assume without deciding for purposes of this decision that the exhibits were admissible pursuant to rule 803(8) as a public record.

Our inquiry, however, does not end there. We must next determine if there is any legitimate basis for the ruling. *See Owens-Corning Fiberglas Corp.*, 972 S.W.2d at 43. Based on the content of the redacted portions of the exhibits, we conclude that the district court could have reasonably excluded those portions of the decision and opinion of the Benefit Contested Case Hearing Office and the appeals panel's decision because they were in part irrelevant to the issue before the jury, and because they could have confused the jury and the resulting confusion would have substantially outweighed their probative value. *See* TEX. R. EVID. 401 & 403. The District made no effort either at trial or in this appeal to demonstrate the relevance or the probative value of the redacted portions of the exhibits. Therefore, we find no abuse of discretion in the trial court's decision to exclude the redacted portions of those documents. By admitting the redacted documents, the trial court informed the jury of the appeals panel's conclusion as required, and thereby complied with section 410.304 of the Labor Code. *See Tex. Prop. & Cas. Guar. Ass'n v. Nat'l Am. Ins. Co.*, 208 S.W.3d 523, 546 (Tex. App.— Austin 2006, pet. denied) (The trial court did not abuse its discretion by denying the

admission of decision of appeals panel in its entirety pursuant to rule 403.). We overrule issue two.

*Conclusion*

We find that the issues regarding the sufficiency of the evidence were inadequately briefed and that the trial court did not abuse its discretion by redacting portions of exhibits offered at trial. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Justice Reyna concurs in the judgment only and notes, when a party files a brief without proof of service, the Clerk notifies the party of the defect and he is given an opportunity to cure it. *See* TEX. R. APP. P. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."). We should treat inadequately briefed issues in the same manner. I would either address the merits of Fort Worth ISD's first issue (as appellee Seifert was able to do without difficulty) or notify Fort Worth ISD that its brief is inadequate and "allow[] a reasonable time to correct or amend" it.)
Affirmed
Opinion delivered and filed March 3, 2010
[CV06]