IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00017-CV

 

Fort Worth Independent School 

District, Self-Insured,

                                                                                    Appellant

 v.

 

Carol A. Seifert,

                                                                                    Appellee

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. C200400242

 



MEMORANDUM  Opinion










 

            The Fort Worth Independent School District appeals a jury finding
that a stroke suffered by Carol Seifert is a compensable injury pursuant to the
Texas Workers’ Compensation Act.  See Tex.
Lab. Code Ann. §401.001 et seq. (Vernon 2006).  The District complains
that the evidence was legally and factually insufficient for the jury to have
found that the stroke was a compensable injury and that the trial court erred
by not admitting the full opinions from the Benefit Contested Case Hearing
Office and the Appeals Panel.  Because we find that the sufficiency issue was
inadequately briefed and that the trial court did not abuse its discretion in
the admission of evidence, we affirm the judgment of the trial court.

The Facts and Procedural Background

            Carol Seifert was a physical education
teacher in the District when she suffered a knee injury, which was undisputedly
a compensable injury.  Treatment of the injury required four knee surgeries. 
During the fourth surgery, Seifert suffered a severe stroke which left her
permanently disabled.  After an administrative hearing, the hearing officer
found that the stroke was not a compensable injury and the appeals panel
affirmed that finding.  Seifert filed this action in the district court to
challenge those findings. 

            A jury was charged solely with the
question of whether the compensable knee injury extended to and included the
stroke.  The jury answered the question “yes,” and the trial court entered a
judgment in accordance with the jury finding.  The trial court denied the
District’s motion for new trial.  This appeal followed.

Legal and Factual Sufficiency

The District complains in issue one that the
evidence was legally and factually insufficient.  More specifically, the
District contends that because Seifert suffered from moyamoya[1] that her stroke was not connected or was
insufficiently connected to the surgery to be a compensable injury.  Both the
District and Seifert offered expert medical testimony regarding the causes of
the stroke.  

However, the District provides no argument or
authorities regarding the legal standard required to establish causation in
cases such as this, nor do they give any citations to the record to assist in a
sufficiency analysis.  Therefore, this issue is inadequately briefed and, therefore,
waived.  See Tex. R. App. P.
38.1(h) & (i).  We overrule issue one. 

Improper Admission of Evidence

            The District next complains that the
trial court erred by refusing to admit unredacted copies of the decision and
order of the Benefit Contested Case Hearing Office and the decision of the
appeals panel.  Seifert objected to the admission of the exhibits on the basis
of hearsay, lack of relevance, and unfair prejudice.  See Tex. R. Evid. 801, 802, 401, 402, &
403.  The trial court reviewed the documents and admitted them after redacting
portions of the report that contained the unstipulated factual findings from
those proceedings.  It is unclear on what basis the trial court sustained
Seifert’s objections.

Standard of Review

We review a trial court’s decision to admit or
exclude evidence for an abuse of discretion.  Bay Area Healthcare Group,
Ltd. v. McShane, 239 S.W.3d 231, 234 (Tex. 2007); Owens-Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).  A trial court
abuses its discretion if it acts without regard to guiding rules or principles.
 Owens-Corning Fiberglas Corp., 972 S.W.2d at 43.  We must uphold the
trial court’s evidentiary ruling if there is any legitimate basis for the
ruling.  See id.  We will not reverse a trial court for an erroneous
evidentiary ruling unless the error probably caused the rendition of an
improper judgment or probably prevented an appellant from properly presenting
their case to the court of appeals.  See Tex. R. App. P. 44.1(a); Owens-Corning Fiberglas Corp.,
972 S.W.2d at 43.

The Workers’ Compensation Act contains two
provisions governing the admissibility of the Commission’s decision and record
in a jury trial.  First, the trial court is required to “inform” the jury of
the Commission appeals panel “decision” in the court's charge.  Tex. Lab. Code Ann. § 410.304(b)
(Vernon 2006).  This provision is mandatory.  The jury, however, is not
required to accord the decision any special weight.  Texas Workers’
Comp. Comm’n v. Garcia, 893 S.W.2d 504, 528 (Tex. 1995).  In addition,
section 410.306(b) allows the admission into evidence of the Commission’s
“record.”  Tex. Lab. Code Ann. §
410.306(b) (Vernon 2006).  The Commission’s record is comprised, in part, of
the written opinion containing the commission appeals panel decision.  ESIS,
Inc. v. Johnson, 908 S.W.2d 554, 560 (Tex. App.—Fort Worth 1995, writ
denied).  However, the Texas Rules of Evidence govern the admission at
trial of facts and evidence contained in the Commission’s record.  Tex. Lab. Code Ann. §410.306(b) (Vernon
2006); National Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 529 (Tex. 2000). 

The District’s sole complaint regarding this issue
is that the exhibits should have been admitted in their entirety because they
fit within the exception from the hearsay rule as a public record or report
pursuant to Texas Rule of Evidence 803(8).  See Tex. R. Evid. 803(8).  The redacted portions of the decision
and opinion from the benefit contested case hearing and the decision of the
appeals panel both contain a review of testimony about the causes of the
stroke, including the substance of testimony of persons who did not later
testify before the jury and documents that were admitted at the contested
hearing but not admitted before the jury.  We will assume without deciding for
purposes of this decision that the exhibits were admissible pursuant to rule
803(8) as a public record.  

Our inquiry, however, does not end there.  We must
next determine if there is any legitimate basis for the ruling.  See Owens-Corning
Fiberglas Corp., 972 S.W.2d at 43.  Based on the content of the redacted
portions of the exhibits, we conclude that the district court could have
reasonably excluded those portions of the decision and opinion of the Benefit
Contested Case Hearing Office and the appeals panel’s decision because they
were in part irrelevant to the issue before the jury, and because they could
have confused the jury and the resulting confusion would have substantially
outweighed their probative value.  See Tex.
R. Evid. 401 & 403.  The District made no effort either at trial or
in this appeal to demonstrate the relevance or the probative value of the
redacted portions of the exhibits.  Therefore, we find no abuse of discretion
in the trial court’s decision to exclude the redacted portions of those
documents.  By admitting the redacted documents, the trial court informed the
jury of the appeals panel’s conclusion as required, and thereby complied with
section 410.304 of the Labor Code.  See Tex. Prop. & Cas. Guar. Ass'n v.
Nat'l Am. Ins. Co., 208 S.W.3d 523, 546 (Tex. App.—Austin 2006, pet.
denied) (The trial court did not abuse its discretion by denying the admission
of decision of appeals panel in its entirety pursuant to rule 403.).  We
overrule issue two.

Conclusion

We find that the issues regarding the sufficiency
of the evidence were inadequately briefed and that the trial court did not
abuse its discretion by redacting portions of exhibits offered at trial.  We
affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

            (Justice
Reyna concurs in the judgment only and notes, when a party files a brief
without proof of service, the Clerk notifies the party of the defect and he is
given an opportunity to cure it.  See Tex.
R. App. P. 44.3 (“A court of appeals must not affirm or reverse a
judgment or dismiss an appeal for formal defects or irregularities in appellate
procedure without allowing a reasonable time to correct or amend the defects or
irregularities.”).  We should treat inadequately briefed issues in the same
manner.  I would either address the merits of Fort Worth ISD’s first issue (as
appellee Seifert was able to do without difficulty) or notify Fort Worth ISD
that its brief is inadequate and “allow[] a reasonable time to correct or
amend” it.)

Affirmed

Opinion
delivered and filed March 3, 2010

[CV06]









[1] Moyamoya is a rare disorder of the blood vessels in the brain known
as internal carotid arteries.  The condition is characterized by stenosis (narrowing)
or occlusion (blockage) of one or both internal
carotid arteries with subsequent formation of an abnormal network of blood
vessels adjacent to the internal carotid arteries.  The term “moyamoya,” a
Japanese word that means "puff of smoke," describes the appearance of
the abnormal vessels that form adjacent to the internal carotid arteries.