■ In the Matter of the Claim of CHARLES LEONARD, Appellant, v. NEW YORK CITY HOUSING AUTHORITY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed November 18, 1971, which disallowed a claim for compensation on the ground that the claimant's injury did not arise out of and in the course of employment. Appellant, a New York City Housing Authority patrolman, testified to the following facts. As he was standing in the checkout line of a grocery store five hours before his scheduled tour of duty, a man attempted to get into the line in front of him. When appellant told the individual to go to the back of the line, the man pushed him causing him to fall. Appellant then identified himself as a police officer and attempted to arrest the man. In the ensuing scuffle, a portion of appellant's ear was bitten off. The board found that appellant's injury was the result of a personal quarrel and therefore did not arise out of and in the course of his employment. Although a peace officer injured while responding to a crime is not to be denied compensation merely because he was off duty at the time (*Matter of Quinlan* v. *City of New York*, 33 A D 2d 714), this is not the case with which we are here presented. On the underlying facts, the board could properly conclude that a personal altercation, unrelated to the performance of appellant's duties, had precipitated his injuries. Decision affirmed, without costs. Greenblott, Kane and Reynolds, JJ., concur; Herlihy, P. J., and Sweeney, J., dissent and vote to remit in the following memorandum by Sweeney, J. Sweeney, J. (dissenting). While we do not disagree with the law expressed by the majority, we do disagree with the result. The facts are uncontroverted. Claimant was pushed after he told his assailant to go to the end of the line. It was then, as the majority agrees, that claimant made it known he was a police officer and attempted to make an arrest. It was at this point of time that he received his injury. The board in its decision does not separate these two incidents, which we conclude is necessary to properly determine the issues. Consequently, the matter should be remitted to the board for proper findings.