(918 P.2d 653)

No. 74,146

GREGORY S. LAWSON, *Appellee*, v. THE CITY OF KANSAS CITY, KANSAS, *Appellant.*

Opinion filed June 14, 1996.

*Mary Ann Kancel*, assistant city attorney, and *Harold T. Walker*, city attorney, for the appellant.

*Paul E. Serrano, Jr.*, of Blake & Uhlig, P.A., of Kansas City, for the appellee.

Before LEWIS, P.J., ELLIOTT, J., and CHARLES E. WORDEN, District Judge, assigned.

LEWIS, J.: Claimant Gregory S. Lawson is employed by the City of Kansas City (City) as a full-time police officer. He obtained an award in a workers compensation case in the amount of $2,300 for medical expenses for an injury he incurred. The City appeals from that award, arguing that claimant's injuries did not arise out of or in the course of his employment.

We agree with the City, and we reverse the holding of the Workers Compensation Board (Board) in favor of claimant.

As stated earlier, claimant is and was a full-time police officer for the City. At the time he sustained the injury in question, he was ostensibly off duty and dressed in civilian clothes.

The incident that prompted the workers compensation claim occurred at a sports bar in the early hours of the morning. Earlier that evening, claimant, along with other off-duty police officers and their spouses or girlfriends, had gone to the bar to play sand volleyball. During the evening leading up to the altercation, claimant and his friends were all dressed in civilian clothing, playing volleyball, and drinking beer.

At some point during a volleyball game, Jeremy Lehman began using profanity and directing threats towards claimant's group. Although claimant believes he could have arrested Lehman for disorderly conduct, neither he nor any of his friends made any effort to do so.

At about 2 a.m., the claimant's group decided to leave the bar. In the process, they were confronted by Lehman. Claimant told Lehman that he was a police officer and that he did not want any trouble. Lehman began to make disparaging remarks about police officers and attempted to provoke a fight. Once again, claimant told Lehman he was a police officer and that all he and his friends wanted to do was to go home. At this point, Lehman hit claimant in the face, causing damage to claimant's teeth for which he incurred substantial dental bills.

After hitting claimant, Lehman was subdued by claimant and his friends, but he was not arrested. Apparently, neither claimant nor any of his friends exercised any authority as police officers. The group left the bar and went home.

Claimant, or some member of his group, later signed a complaint charging Lehman with simple battery. That charge was later dismissed in exchange for a covenant not to sue the City or the other police officers who were involved in the altercation. Claimant, on the other hand, was disciplined by the police department for leaving Lehman bleeding in the parking lot without attempting to offer him aid.

Claimant filed a claim for workers compensation benefits, alleging he was injured in the course of his employment. He suggests

that his injury was compensable because he *could* have exercised his authority and *could* have arrested Lehman.

The matter was tried before an Administrative Law Judge (ALJ), who denied benefits to claimant, holding:

"The claimant has contended that because he was subject to call 24 hours per day as a police officer, that the medical expenses incurred by him should be covered by the Kansas Workers' Compensation law. Although it is true that the claimant and other police officers are subject to call on a 24-hour per day basis, the claimant had not been recalled to duty at the time of his injury. The claimant was definitely off duty, and in civilian clothing. At the time of the altercation, the aggressor had not been placed under arrest by any of the off-duty officers. Therefore, the claimant has not proved by a preponderance of credible evidence that the personal injury by accident sustained by him on August 18, 1992 arose out of and in the course of his employment with the respondent. [Citation omitted.]"

Claimant appealed the ALJ's decision to the Board. The Board reversed the ALJ and granted claimant's medical expenses, stating:

"[I]t appears apparent that claimant's employment as a police officer was a contributing factor to the assault. The evidence in the record indicates the assault upon claimant and his fellow officers stemmed directly from their employment status. This, *coupled with the claimant's obligation to be on duty in a police situation*, convinces the Appeals Board that claimant was on duty at the time of the assault." (Emphasis added.)

## DID THE INJURY ARISE OUT OF CLAIMANT'S EMPLOYMENT?

The principal question on this appeal is whether, under the facts, claimant's injury arose out of *and* in the course of his employment.

Ordinarily, the question presented would be one of fact and our function would simply be to determine if there is substantial competent evidence to sustain the Board's decision. *Harris v. Bethany Medical Center*, 21 Kan. App. 2d 804, 805, 909 P.2d 657 (1995). However, in this case, the facts are undisputed, and the real question is applying those facts to the law. Under the circumstances, we will conduct a de novo review in order to determine what the facts establish and what the law requires in the face of those facts. See *Shade v. Wheatcraft Industries, Inc.*, 248 Kan. 531, 536, 809 P.2d 538 (1991).

It is important to note that in a case of this nature, to be compensable, a claimant must prove not only that his or her injuries "arose out of" his or her employment; claimant must also prove that his or her injuries were "in the course of" his or her employment. Both sides of this coin must be proven, and the burden falls upon the claimant.

We have no problem with concluding that the injuries may have arisen "out of" claimant's employment. City police officers such as claimant are subject to duty 24 hours per day. The agreement between the City and the Fraternal Order of Police provides:

"Section 28.1 Off Duty Responsibility

"Since all police officers are presumed to be subject to duty twenty-four (24) hours per day, *any action taken by a member* of the force on his time off, which action would have been taken by an officer on active duty if present or available, *provided an emergency exists which would constitute a felony violation or potential felony violation or incident which could involve bodily injury*, in accordance with the Rules and Regulations of the Department, shall be considered police action, and the employee shall have all of the rights and benefits concerning such action as if he were then on active duty." (Emphasis added.)

Not only is claimant presumed to be subject to duty at the time of his injuries, it does appear that the animosity of Lehman towards claimant was triggered by his status as a city police officer. It can be concluded that one of the risks of being a police officer is having to deal with persons like Lehman, whether on or off duty, under the circumstances shown in this action.

We have no specific Kansas case which deals with this issue. However, courts in other jurisdictions have held that when a police officer is assaulted because of his or her status as a police officer, the resulting injury can be said to "arise out of" his or her employment. See, *e.g., Jordan v. St. Louis County Police Dept.*, 699 S.W.2d 124 (Mo. App. 1985).

The facts of this case show that claimant was a police officer and that he was assaulted largely because of his status as a police officer. We adopt the reasoning of our sister states on this issue and hold that when a police officer, either on or off duty, is assaulted directly because of his or her status as a police officer, the assault, being one of the risks of employment, can be said to "arise out of" the

status of being a police officer. In plain English, what we are saying is that in this case, had claimant not been a police officer, Lehman probably would not have hit him. We therefore conclude that claimant's injuries did, indeed, "arise out of" his employment.

## IN THE COURSE OF HIS DUTIES

The second part of the equation is more difficult. As pointed out earlier, it is the obligation of claimant to prove not only that his injuries arose out of his status as a police officer but that they arose in the course of his duties as a police officer. We have examined the record very carefully, and we are unable to conclude that claimant was acting "in the course of his duties" as a police officer when he was injured. Accordingly, claimant is not entitled to compensation.

Claimant may have been a police officer subject to being called to duty at any time. The fact remains that when Lehman hit him, claimant was in a sports bar, wearing civilian clothes, playing volleyball, and drinking beer. He was not dressed as a police officer, he did not act as a police officer, and he performed no duties as a police officer. The mere fact that he had the *authority* to act as a police officer is irrelevant. He did not exercise that authority.

The aftermath of this incident is instructive. Lehman was drunk and disorderly in a public place and battered a patron. Under most circumstances, an individual who commits such an act will be arrested on the spot if police officers are present. In this case, a number of off-duty police officers were present, including claimant, but none of them arrested Lehman or attempted to exercise their authority as police officers. Lehman struck an off-duty police officer, and he was charged with "simple battery." He was not charged with the more serious crime of "battery of a law enforcement officer." This seems to indicate that the charging authorities did not believe claimant was acting in his capacity as a police officer when he was hit by Lehman.

It is also instructive to consider the subsequent discipline of claimant. As a police officer, claimant was obligated to render aid to a downed and bleeding Lehman. He did not do so and was

disciplined for it. This is simply another example of claimant's failure to act in his capacity as a police officer.

If claimant had decided to place Lehman under arrest and had been hit in the process, we do not doubt but that he would have been acting "in the course of his employment." These are not the facts with which we deal. We do not suggest that off-duty police officers cannot engage in beer drinking and volleyball in a sports bar on their own time. We only suggest that when doing so they are not acting "in the course of their duties" as police officers. It is further clear from the evidence that after the altercation with Lehman, neither claimant nor any of his fellow off-duty officers ever acted in the course of their duties as police officers.

Again, there is no specific Kansas case in point. However, in most other states, compensation has been denied when an officer was injured while clearly not exercising any police authority. For example, in *Kansas City, Missouri Police Dept. v. Bradshaw*, 606 S.W.2d 227 (Mo. App. 1980), an off-duty police officer was killed in an automobile motorcycle accident while he was traveling to his part-time job as a private security officer. The officer wore his police department uniform while performing his private security guard work and was wearing the uniform at the time of the accident. The Missouri Court of Appeals held that the officer's injuries did not arise out of and in the course of his employment with the police department. The court focused not on his authority, but on what he actually did. The court concluded that while the officer "may have been authorized to perform some law enforcement functions while off duty, the fact remains that at the time of this accident he was not performing any law enforcement functions but was going on a mission wholly personal to himself." 606 S.W.2d at 232. In the case at bar, certainly claimant may have been authorized to perform law enforcement functions while off duty, but at the time of his injuries, he was not performing any law enforcement functions and was surely on a mission wholly personal to himself. Other cases expressing this philosophy are: *Luna v. Workers' Comp. Appeals Bd.*, 199 Cal. App. 3d 77, 244 Cal. Rptr. 596 (1988); *Ottawa County v. King*, 394 P.2d 536 (Okla. 1964); and *Leonard*

*v. New York City Housing Authority,* 40 App. Div. 2d 1056, 338 N.Y.S.2d 927 (1972), *aff'd* 352 N.Y.S.2d 446 (1973).

We adopt the reasoning of our sister states in the cases cited above. We hold that when a police officer is injured under circumstances where he or she was not and did not perform any law enforcement functions, was off duty and dressed in civilian clothes, and was on a purely personal venture, such injuries do not arise in the course of his or her duties as a police officer and are not compensable.

We reverse the compensation award in favor of claimant made by the Board.

Reversed.